McNairn v. Gilliland.

Opinion delivered November 1, 1920.

1. HIGHWAYS—LOCATION OF ROAD.—Where an order of the county court establishing a road between two farms directed that the line between the two farms should be the center of the road, but the overseer commenced 15 feet east of said line, thus laying it off entirely on plaintiff's land and making it four rods wide, instead of 20 feet as specified by the order of the court, the overseer is liable in damages for trespass.

2. HIGHWAYS—LANDOWNER PETITIONING FOR ROAD.—Where an order of court establishing a road was made in response to, and corresponding with, a landowner's petition, he can not question the validity of the order establishing the road prayed for in his petition.

3. HIGHWAYS—WRONGFUL LOCATION OF ROAD—LIABILITY.—Where an overseer was directed to lay off a road 20 feet wide with the line between two farms as the center, and proceeded to lay the road off four rods wide wholly on plaintiff's land, the road hands who were summoned by the overseer to open the road and did so in good faith, as also the owner of the adjoining farm, are not liable in damages for the unlawful trespass on plaintiff's land.

Appeal from Izard Circuit Court; *J. B. Baker,* Judge; reversed in part, affirmed.

*Woods & Sherrill,* for appellant.

1. The court erred in holding the order sufficient to protect appellees and that the burden was on appellant to show that in opening up the road they failed to do it according to the order. The order shows the court had no jurisdiction to make it. The burden was on appellees to show that the acts complained of were in compliance with a valid order and within its terms. Kirby's Digest, §§ 2292 to 3005.

2. But if the order was valid it did not render the acts complained of lawful or shield appellees from the damages inflicted on appellant, for they violated the order by running through appellant's farm instead of running between his farm and that of Dillard, as directed by the order following the terms of the petition, and damages should have been awarded for the trespass, and it was error to direct a verdict for appellees. Kirby's Digest, § 7977.

*Elbert Godwin* and *John C. Ashley,* for appellees.

1. The court was correct in holding that the county court order was sufficiently regular to protect persons acting under it. The court had jurisdiction, and the order was valid until reversed or amended by appeal or other proper proceeding and can not be attacked collaterally. 23 Cyc. 1055; 52 Ark. 493.

2. The county court had authority to make the order. The only person complaining is appellant, and he can not complain. The county court did exactly what he asked it to do. The order follows the recitals of the petition. The court had jurisdiction, and its judgment can not be collaterally attacked. 12 A. & E. Enc. 147; 26 Ark. 421; 52 *Id.* 493; 101 *Id.* 390; 94 *Id.* 519. The court committed no reversible error.

Smith, J. Appellant sued to recover damages for an alleged trespass on land owned by him. There was a directed verdict against him, and he has appealed.

Of the parties made defendant in the suit one was the owner of an adjoining tract of land west of appellant's land, and the others were the road overseer and certain road hands in the district where the land was situated.

The facts developed at the trial were substantially as follows: Appellant and others petitioned the county court to establish a certain road described in the petition. A part of the course of the proposed road as described in the petition was "thence south between T. C. Dillard and A. N. McNairn (appellant)." The court granted the prayer of the petition, and in the order of the court the road is described in the language employed in the petition. The order directed that a road twenty feet wide should be opened up, and that it be a second-class road. Appellant proved ownership and possession of the land in question for a period of more than forty years, during all of which time there had been a division fence between his land and that of Dillard, and further that about twenty years ago appellant built a new fence on his own land about fifteen feet east of the line between the two farms, and left the division fence standing, thus opening up a private passage-way for his own use over his own land. That shortly after the order of the court had been made the road overseer, with the road hands, entered upon the land, and tore down the private fence and moved it four rods further over on appellant's land, and, in doing so, destroyed portions of the fence. It was alleged that this was done "for the further purpose of delivering possession of said strip so cut off to the defendant Dillard," but no testimony was offered in support of that allegation.

The effect of this action by the overseer was to vacate a road, not twenty feet wide, as specified in the order of the court, but one four rods wide, and, instead of laying off the road between the two farms, the overseer commenced to lay it off fifteen feet east of the line between the two tracts of land.

We construe the order of the court establishing the road between the two farms to mean that the line be-

tween the farms should be the center of the road, yet the overseer commenced fifteen feet east of that line to lay out the road. The order of the court, even if valid, affords no justification for that action.

Appellant insists, however, that the order is void and affords no protection, whatever the jury might find the facts to be in regard to the line between the two tracts of land. No testimony was offered by appellees at the trial below.

This is a suit in trespass, and, as has been said, the court's order was made in response to, and corresponds with, appellant's petition, and he can not, therefore, in this action question the validity of the order. He has consented; therefore he is not damaged by establishing the road prayed for in his petition. But this consent to establish a particular road would not justify the overseer in establishing a different one.

No case is made against Dillard, nor is there a case against the road hands. These hands were not privately employed, but were present in response to the summons from the overseer, which required their attendance. It would have been a violation of the law on their part had they failed to obey the summons; and their good faith is not questioned.

The judgment of the court below will be reversed as to the overseer, and affirmed as to all others.